**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

GRAVITY JACK, INC.,

*Plaintiff,*

v.

SAMSUNG ELECTRONICS CO, LTD.; SAMSUNG ELECTRONICS AMERICA, INC.,

*Defendants.*

Case No. 2:26-cv-593

**COMPLAINT FOR PATENT INFRINGEMENT**

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Gravity Jack, Inc. files this complaint against Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung"), alleging infringement of U.S. Patents Nos. 8,502,659 and 8,519,844. The Accused Instrumentalities are mobile electronic devices used, made, offered for sale, sold, and/or imported by Samsung in the United States and supplied by Samsung to customers in the United States.

## INTRODUCTION AND PARTIES

1. This complaint arises from Samsung's infringement of the following United States patents owned by Gravity Jack, each of which relate to augmented reality and location determination technology: U.S. Patent Nos. 8,502,659 ("the '659 patent") and 8,519,844 ("the '844 patent") (collectively, "the Asserted Patents").

2. Gravity Jack is a corporation organized under the laws of the State of Wyoming, having its principal place of business at Gravity Jack, P.O. Box 92, Liberty Lake, Washington 99019.

3. Founded in 2009, Gravity Jack specializes in creating mobile apps, augmented reality, virtual reality, and Web3 services to help some of the world's most innovative brands and government agencies create a world where technology and the human experience intersect seamlessly. Gravity Jack's scientists, engineers, designers, and marketers are pioneers in the augmented reality industry, and their work led Gravity Jack to be recognized as one of America's most entrepreneurial companies in 2016, 2017, and 2019 by Entrepreneur Magazine.

4. On information and belief, Defendant Samsung Electronics Co., Ltd. ("SEC") is a corporation organized under the laws of South Korea, with its principal place of business at 129 Samsung-ro, Yeongtong-gu, Suwon-si, Gyonggi-do, 16677, South Korea.

5. On information and belief, Defendant Samsung Electronics America, Inc. ("SEA") is a United States corporation organized under the laws of the State of New York, with its principal place of business at 700 Sylvan Ave, Engelwood Cliffs, NJ 07362. SEA is a wholly owned subsidiary of SEC. SEA distributes certain Samsung consumer electronics products, including the Accused Instrumentalities, in the United States.

6. On information and belief, SEA has corporate offices in the Eastern District of Texas at 1303 East Lookout Drive, Richardson, TX 75082, and 6625 Excellence Way, Plano, TX 75023. On information and belief, SEA may be served with process through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, Title 35 of the United States Code.

8. This Court has original subject matter jurisdiction pursuant to 28 U.S. C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Samsung in this action because Samsung has committed acts of infringement within this District giving rise to this action, has regular and established places of business in this District, and has established minimum contacts with this forum such that the exercise of jurisdiction over Samsung would not offend traditional notions of fair play and substantial justice. Samsung, directly and/or through subsidiaries or intermediaries, conducts its business extensively throughout Texas, by shipping, distributing, offering for sale, selling, and advertising its products and/or services in Texas and the Eastern District of Texas; regularly doing business or soliciting business; engaging in other persistent courses of conduct, and/or deriving substantial revenue from products and/or services provided to individuals in Texas, and committing acts of infringement of the Asserted Patents in this District by, among other things, making, using, importing, offering to sell, and selling products that infringe the Asserted Patents, including without limitation the Samsung mobile electronic devices accused of infringement in this case.

10. Samsung, directly and/or through subsidiaries or intermediaries, has purposefully and voluntarily placed one or more products and/or services in the stream of commerce that practice the Asserted Patents with the intention and expectation that they will be purchased and used by consumers in the Eastern District of Texas. These products and/or services have been and continue to be purchased and used in the Eastern District of Texas.

11. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Samsung has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, importing, offering to sell, and selling products that infringe the Asserted Patents.

12. Defendant SEA maintains a regular and established place of business at 1303 East Lookout Drive, Richardson, TX 75082; 2800 Technology Drive, Suite 200, Plano, TX 75074; and 6625 Excellence Way, Plano, TX 75023.

13. Defendant SEC is a foreign corporation. Venue is proper as to a foreign defendant in any district. 28 U.S.C. § 1391(c)(3).

14. Further, on information and belief, Samsung has admitted or not contested proper venue in this District in other patent infringement actions.

## THE ASSERTED PATENTS

15. Gravity Jack is the owner of U.S. Patent No. 8,502,659 ("'659 patent"), entitled "Augmented Reality and Location Determination Methods and Apparatus," which issued on August 6, 2013. A copy of the '659 patent is attached to this complaint as **Exhibit 1**.

16. The '659 patent is generally directed to techniques for improving the accuracy of augmented reality representations of the physical world. The inventors of the '659 patent recognized that although using location information to associate objects in the physical world with objects in a virtual world presents advantages, a single source of location information may be too coarse to support accurate augmented reality implementations. As a solution, the '659 patent teaches starting with "first" location data for a user interaction device and then generating a more accurate "second" location using additional techniques, including for example by using information regarding wireless communications with proximately located devices. The inventions claimed by the '659 patent thus provide concrete, unconventional solutions to the problems associated with implementing augmented reality that are not contemplated in the prior art. For example and without limitation, claim 1 of the '659 patent recites a requirement to "initiat[e]" wireless communications between the user interaction device and the wireless communication

devices, and then "after the initiating" it further requires "accessing information regarding the wireless communications" and while "using the information," "determining" second location information of the user interaction device, followed by the specific conditions imposed by the wherein clause in the last limitation of claim 1. The inventions claimed by the '659 patent thus provide concrete, unconventional solutions to the problems associated with implementing augmented reality that are not contemplated in the prior art. These and other limitations remove the claims of the '659 patent from the realm of abstract ideas and render its claim patent eligible.

17. Gravity Jack is the owner of U.S. Patent No. 8,519,844 ("'844 patent"), entitled "Augmented Reality and Location Determination Methods and Apparatus," which issued on August 27, 2013. A copy of the '844 patent is attached to this complaint as **Exhibit 2**.

18. The '844 patent is generally directed to techniques for improving the accuracy of augmented reality representations of the physical world. The inventors of the '844 patent recognized that although using location information to associate objects in the physical world with objects in a virtual world presents advantages, a single source of location information may be too coarse to support accurate augmented reality implementations. As a solution, the '844 patent teaches starting with "first" location data for a user interaction device and then generating a more accurate "second" location using additional techniques including by using information regarding wireless communications with proximately located devices. For example and without limitation, claim 14 of the '844 patent recites an "augmented reality user interaction device" that comprises "a camera," "a display system," and "communications circuitry" for implementing "wireless communications" as well as "processing circuitry" that "generate[s] a plurality of image" that are augmented with "an augmented reality representation." In addition, the processing circuitry controls the communications circuitry "to communicate first location information regarding a

location of the user interaction device" in "a physical world" external to the user interaction device. Further, the processing circuitry can "access second location information regarding the location of the user interaction device" where the second location information is more accurate than the first location information regarding the location of the user interaction device. The inventions claimed by the '844 patent thus provide concrete, unconventional solutions to the problems associated with implementing augmented reality that are not contemplated in the prior art. These and other limitations remove the claims of the '844 patent from the realm of abstract ideas and render its claim patent eligible.

## GRAVITY JACK'S PRE-LITIGATION COMMUNICATIONS WITH SAMSUNG

19. On or around March 25, 2013, a Samsung software engineer based in its Bellevue, WA research facility, contacted Gravity Jack requesting a demonstration of Gravity Jack's mobile augmented reality ("AR") technology. He explained that his "primary focus is research project development for Samsung mobile devices." In that message, he also wrote: "Your AR technology has tremendous potential, particularly for the mobile segment of Samsung's product – would you be interest in talking about a potential collaboration with us?" He further explained that the Bellevue research facility "does a lot of work for upcoming mobile devices, specifically for Android, and there is potential to integrate your ideas at a level much lower than the generic SDK can allow (perhaps the native camera?). Also, implementing new user experiences and creating new APIs involving AR are also achievable." Moreover, the Samsung engineer specifically requested that Gravity Jack's demonstration "[s]how off location based AR."

20. On or around March 27, 2013, representatives of Gravity Jack had an initial phone discussion with the Samsung engineer that contacted them concerning a potential Gravity Jack and Samsung business relationship.

21. On or about April 1, 2013, the Samsung engineer followed up via email, and asked Gravity Jack to provide a product demonstration, and specifically requested that demonstration "[s]how off location based AR." He further explained that he was "pretty stoked about the solution you guys are working on. You do a particularly good job of handling the change in perspective when tracking objects." On or about April 10, 2013, Gravity Jack shipped a device with the requested demonstrations to Samsung. In response to receiving an email indicating the devices were on the way, the engineer stated: "Sweeeeeet! I'm SO excited."

22. On or about April 11, 2013, presumably after reviewing the product demonstration, the Samsung engineer further stated that there was "LOTS of impressive stuff here" and noted that Samsung would be "doing a more formal technology evaluation next week."

23. On April 23, 2013, Gravity Jack met with several senior Samsung research and development employees at Samsung's Bellevue location for an in-person demonstration and discussion, during which Gravity Jack noted that it had patent applications pending. After the in-person meeting, Samsung ceased contacting Gravity Jack concerning the potential collaboration that Samsung had originally suggested exploring.

24. On July 30, 2015, Gravity Jack had an additional conference with Samsung to further explain Gravity Jack's expertise in AR as well as updates to its technology.

25. On information and belief, on or about January 27, 2016, Gravity Jack and Samsung executed a mutual non-disclosure agreement relating to all confidential information disclosed by one party to the other, including, for example, Gravity Jack's mobile AR technology.

26. In June 2016, Samsung again contacted Gravity Jack "to set up a quick chat with [Gravity Jack] to learn more about your project experiences in AR."

27. The next year, on or around January 5-8, 2017, three Samsung employees approached Gravity Jack at Consumer Electronics Show ("CES") and requested a meeting. On or around January 16, 2017, Gravity Jack followed up with Samsung to visit Samsung's Mountain View, CA offices for "additional demonstrations" and "to discuss options for licensing and the possibility of Samsung joining our Series A (which would include licensing terms)."

28. On or around February 8, 2017, Gravity Jack met with Samsung at Samsung's office in Mountain View, CA. During that meeting, Gravity Jack provided information on its product offerings and again alerted Samsung to its location determination patents, including the two patents-in-suit, indicating that at that time Gravity Jack had "6 issued patents" and that its "Augmented Reality and Location Determination Methods & Apparatus" patents had been "awarded." As noted above, "Augmented Reality and Location Determination Methods and Apparatus" is the title of both Asserted Patents. Gravity Jack had additional phone meetings with Samsung employees on or around March 21, 2017, and May 25, 2017. From June to August 2017, Gravity Jack and Samsung continued to attempt to arrange another meeting, with Samsung stating that, "[w]e are still very serious about identifying the right team to work together with on AR application development and more," but those meetings did not ultimately occur.

29. In or around June 2019, Samsung contacted Gravity Jack for assistance with a marketing campaign and paid Gravity Jack for its work. Samsung did not receive a license to any of Gravity Jack's patents as part of this business relationship, but as part of the documentation surrounding that project, Gravity Jack again informed Samsung, in writing, that it has "a portfolio of awarded patents in AR and computer vision."

30. Finally, on May 27, 2020, Samsung contacted Gravity Jack because it was "looking for a vendor to provide AR solution [sic] for our new initiative (surrounding e-commerce) to

Samsung Electronics" and wanted to know "if Gravity Jack would like to explore this opportunity." This led to a teleconference on June 17, 2020, to discuss Gravity Jack's capabilities and technology as well as further details about Samsung's proposed AR solution project. After this meeting, Samsung ceased contacting Gravity Jack and responding to Gravity Jack's emails, despite the fact that it was Samsung that had initiated this round of communications.

31. On information and belief, given these ongoing discussions and Samsung's longstanding awareness of Gravity Jack's AR technology, as well as the fact that Gravity Jack repeatedly told Samsung that it had patents in the location services area, Samsung was aware of the pending applications at least as of April 23, 2013, and aware of, or at least willfully blind to, the issued patents-in-suit at least as of February 8, 2017.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,502,659**

32. Gravity Jack incorporates each of the allegations in paragraphs 1-31 above and further alleges as follows:

33. On August 6, 2013, the United States Patent and Trademark Office issued U.S. Patent No. 8,502,659, entitled "Augmented Reality and Location Determination Methods and Apparatus."

34. Gravity Jack is the owner of the '659 patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover part and future damages.

35. The specification of the '659 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

36. Gravity Jack and its predecessors in interest have satisfied any requirements of 35 U.S.C. § 287(a) with respect to the ’659 patent, and Gravity Jack is entitled to damages for Samsung’s past infringement.

37. Samsung has directly infringed (literally and equivalently) the ’659 patent by making, using, selling, offering for sale, or importing products (including, for example, without limitation Galaxy Note 20 Ultra, Galaxy S21+, Galaxy S21 Ultra, Galaxy S22+, Galaxy S22 Ultra, Galaxy S23+, Galaxy S23 Ultra, Galaxy S24+, Galaxy S24 Ultra, Galaxy S25+, Galaxy S25 Ultra, Galaxy S26, Galaxy S26, Galaxy S26 Ultra, and Galaxy Z Fold 2, 3, 4, 5, 6, and 7) that infringe the claims of the ’659 patent and by inducing others to infringe the claims of the ’659 patent without a license or permission from Gravity Jack.

38. Samsung has infringed multiple claims of the ’659 patent, including, but not limited to, independent claim 1. By way of example only, the normal and customary use of the mobile phones and tablets made, used, sold, offered for sale and/or imported by Defendants infringes an exemplary claim of the ’659 patent, as set forth in **Exhibit 3**, which Gravity Jack provides without the benefit of confidential information about the Accused Instrumentalities, which include Samsung Galaxy mobile electronic devices.

39. Samsung also knowingly and intentionally induces and contributes to infringement of the ’659 patent in violation of 35 U.S.C. §§ 271(b) and 271(c). For example, Samsung has had knowledge or were willfully blind of the ’659 patent and the infringing nature of the Accused Instrumentalities at least because Samsung has been aware of Gravity Jack’s patent portfolio, including the asserted “Augmented Reality and Location Determination Methods & Apparatus” patents at least as early as February 2017. In addition, on both July 24, 2017, and January 2, 2018, during the prosecution of one of Samsung’s patents (U.S. Patent No. 10,452,230), the USPTO

identified the published application of the ’659 patent (U.S. Patent Application Publication No. 2014/0123022) as prior art, and rejected certain of Samsung’s proposed patent claims as obvious over that application in combination with other prior art.

40. Despite its knowledge of the ’659 patent, Samsung has induced, and continues to induce, infringement of the ’659 patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Instrumentalities. On information and belief, these acts include providing information and instructions on the use of the Accused Instrumentalities; providing information, education and instructions to its customers; providing the Accused Instrumentalities to customers; and indemnifying patent infringement within the United States. Samsung does so knowing and intending that its customers will commit these infringing acts. Samsung also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the ’659 patent, thereby specifically intending for and inducing its customers to infringe the ’659 patent through its customers’ normal and customary use of the Accused Instrumentalities. Accordingly, Samsung has been, and currently is, contributorily infringing the ’659 patent in violation of 35 U.S.C. § 271(b).

41. Samsung has also infringed, and continues to infringe, the ’659 patent because it has made, used, sold, offered for sale and/or imported the Accused Instrumentalities, which are used in practicing the patent claims and constitute a material part of the invention. Samsung is aware that the components of the Accused Products, and the Accused Products themselves, are especially made or especially adapted for use in infringement of the patent, not a staple article or commodity of commerce suitable for substantial non-infringing use. Accordingly, Samsung has been, and currently is, contributorily infringing the ’659 patent in violation of 35 U.S.C. § 271(c).

42. Samsung has known how the Accused Instrumentalities are made and have known, or have been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities to its customers, constitutes willful infringement of the ’659 patent. Those products imported into and sold within the United States include, without limitation, Samsung Galaxy mobile electronic devices.

43. Gravity Jack has been damaged by Samsung’s infringement of the ’659 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 8,519,844

44. Gravity Jack incorporates each of the allegations in paragraphs 1-43 above and further alleges as follows:

45. On August 27, 2013, the United States Patent and Trademark Office issued U.S. Patent No. 8,519,844, entitled “Augmented Reality and Location Determination Methods and Apparatus.”

46. Gravity Jack is the owner of the ’844 patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover part and future damages.

47. The specification of the ’844 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

48. Gravity Jack and its predecessors in interest have satisfied any requirements of 35 U.S.C. § 287(a) with respect to the ’844 patent, and Gravity Jack is entitled to damages for Samsung’s past infringement.

49. Samsung has directly infringed (literally and equivalently) the ’844 patent by making, using, selling, offering for sale, or importing products (including, for example, without limitation Galaxy Note 20 Ultra, Galaxy S21+, Galaxy S21 Ultra, Galaxy S22+, Galaxy S22 Ultra, Galaxy S23+, Galaxy S23 Ultra, Galaxy S24+, Galaxy S24 Ultra, Galaxy S25+, Galaxy S25 Ultra, Galaxy S26, Galaxy S26, Galaxy S26 Ultra, and Galaxy Z Fold 2, 3, 4, 5, 6, and 7) that infringe the claims of the ’844 patent and by inducing others to infringe the claims of the ’844 patent without a license or permission from Gravity Jack.

50. Samsung has infringed multiple claims of the ’844 patent, including, but not limited to, independent claim 14. By way of example only, the normal and customary use of the mobile phones and tablets made, used, sold, offered for sale and/or imported by Defendants infringes an exemplary claim of the ’844 patent, as set forth in **Exhibit 4**, which Gravity Jack provides without the benefit of confidential information about the Accused Instrumentalities, which include Samsung Galaxy mobile electronic devices.

51. Samsung also knowingly and intentionally induces and contributes to infringement of the ’844 patent in violation of 35 U.S.C. §§ 271(b), 271(c), and 271(f). For example, Samsung has had knowledge or were willfully blind of the ’844 patent and the infringing nature of the Accused Instrumentalities at least because Samsung has been aware of Gravity Jack’s patent portfolio, including the asserted “Augmented Reality and Location Determination Methods & Apparatus” patents at least as early as February 2017. In addition, on both July 24, 2017, and January 2, 2018, during the prosecution of one of Samsung’s patents (U.S. Patent No. 10,452,230), the USPTO identified the published application of the ’659 patent (U.S. Patent Application Publication No. 2014/0123022) as prior art, and rejected certain of Samsung’s proposed patent claims as obvious over that application in combination with other prior art. Further, the

specification of the ’659 patent refers to the application that matured into the ’844 patent and incorporates it by reference. ’659 patent at 2:12-18. Similarly, the ’844 patent likewise refers to the application that matured into the ’659 patent and incorporates it by reference. ’844 patent at 2:12-17.

52. Despite its knowledge of the ’844 patent, Samsung has induced, and continues to induce, infringement of the ’844 patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Instrumentalities. On information and belief, these acts include providing information and instructions on the use of the Accused Instrumentalities; providing information, education and instructions to its customers; providing the Accused Instrumentalities to customers; and indemnifying patent infringement within the United States. Samsung does so knowing and intending that its customers will commit these infringing acts. Samsung also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the ’844 patent, thereby specifically intending for and inducing its customers to infringe the ’844 patent through its customers’ normal and customary use of the Accused Instrumentalities. Accordingly, Samsung has been, and currently is, contributorily infringing the ’844 patent in violation of 35 U.S.C. § 271(b).

53. Samsung has also infringed, and continues to infringe, the ’844 patent because it has made, used, sold, offered for sale and/or imported the Accused Instrumentalities, which are used in practicing the patent claims and constitute a material part of the invention. Samsung is aware that the components of the Accused Products, and the Accused Products themselves, are especially made or especially adapted for use in infringement of the patent, not a staple article or commodity of commerce suitable for substantial non-infringing use. Accordingly, Samsung has been, and currently is, contributorily infringing the ’844 patent in violation of 35 U.S.C. § 271(c).

54. Samsung has further infringed, and continues to infringe, the ’844 patent because, on information and belief, Samsung has, among other things, supplied or caused to be supplied in or from the United States, without license or authority, products or components of products that are combined and/or used outside the United States in a manner that falls within the scope of one or more claims of the ’844 Patent including without limitation the Accused Instrumentalities falling within the scope of one or more claims of the ’844 patent.

55. Samsung has known how the Accused Instrumentalities are made and have known, or have been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities to its customers, constitutes willful infringement of the ’844 patent. Those products imported into and sold within the United States include, without limitation, Samsung Galaxy mobile electronic devices.

56. Gravity Jack has been damaged by Samsung’s infringement of the ’844 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

**PRAYER FOR RELIEF**

WHEREFORE, Gravity Jack respectfully requests that this Court enter:

A. A judgment in favor of Gravity Jack that Samsung has infringed the Asserted Patents, and that the Asserted Patents are valid and enforceable;

B. A judgment and order requiring Samsung to pay Gravity Jack past and future ongoing damages in an amount no less than a reasonable royalty for its infringement of the Asserted Patents, as provided under 35 U.S.C. § 284;

C. A permanent injunction prohibiting Samsung from further acts of infringement of the Asserted Patents;

D. A judgment and order requiring Samsung to provide an accounting and to pay supplemental damages to Gravity Jack, including, without limitation, pre-judgment and post-judgment interest;

E. A judgment that Samsung's infringement is willful and an award of enhanced damages as a result of that willfulness under 35 U.S.C. § 284;

F. A finding that this case is exceptional under 35 U.S.C. § 285, and an award of Gravity Jack's reasonable attorney's fees and costs; and

G. Any and all other relief to which Gravity Jack may be entitled.

## DEMAND FOR JURY TRIAL

Gravity Jack, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Date: July 17, 2026

Respectfully submitted,

*/s/ Maclain Wells with permission Claire Abernathy Henry*
Claire Abernathy Henry
Texas Bar No. 24053063
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Tel: (903) 757-6400
Fax: (903) 757-2323
claire@millerfairhenry.com

C. Maclain Wells, (*pro hac vice forthcoming)*
Stefan J. Szpajda, WA Bar. No. 50106
Sam Y. Kim, CA Bar No. 282582
Ryan B. Meyer, WA Bar No. 37832
**FOLIO LAW GROUP PLLC**
1200 Westlake Ave. N., Ste. 809
Seattle, WA 98109
Tel: (206) 809-6809
maclain@foliolaw.com

stefan@foliolaw.com
sam.kim@foliolaw.com
ryan.meyer@foliolaw.com

*Counsel for Plaintiff Gravity Jack, Inc.*